IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MARVIN DEJESUS SALINAS RODAS,
    Petitioner,

v.
                                    Civil No. 3:26cv289 (DJN)

JEFFREY CRAWFORD, *et al.*,
    Respondents.

## MEMORANDUM OPINION

Marvin DeJesus Salinas Rodas, a federal detainee proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1).  Salinas Rodas is a native and citizen of El Salvador.  (ECF No. 5-1 at 1).[1]  Salinas Rodas contends that:

> I am detained under 8 U.S.C. 1226(a).  However, because of Matter of Yajure Hurtado, the immigration court will not give me a bond hearing because it thinks I am detained under 1225(b).  But I was detained within the US and am not an applicant for admission.  I have also not been convicted of or arrested for any crime that requires me to be detained.  Therefore, I am not subject to mandatory detention as the government alleges.

(ECF No. 1 at 6.)  Salinas Rodas also argues that he is not a flight risk or a danger to the community.  (*Id.* at 7–8.)  Salinas Rodas further swears he has not "filed any other petition, application or motion about the issues raised in this petition."  (ECF No. 1 at 6.)

This statement proves untrue.  As Respondents note, earlier this year, Salinas Rodas filed a similar 28 U.S.C. § 2241 petition in the Alexandria Division of this Court.  (ECF No. 5 at 1–2.)

---

[1]    The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.  The Court corrects the capitalization, punctuation and spelling in the quotations from the parties' submissions.

In denying that petition, the Honorable Leonie M. Brinkema, United States District Judge, stated, in pertinent part:

> Unlike many other habeas matters filed recently before this Court in which petitioners argue that they are entitled to a bond hearing, the petitioner here has already received a bond hearing after being detained by ICE. Specifically, on December 16, 2025, an Immigration Judge held a bond hearing and denied petitioner's request for a change in custody status for two reasons: first, that the Immigration Court lacked jurisdiction in accordance with the Matter of Yajure Hurtado, 27 1. & N. Dec. 216 (BIA 2025), and second — and in the alternative — that "the respondent is a danger to the community given the circumstances of the 2020 arrest." [Dkt. No. 4-1] at 14.
>
> Although the jurisdictional finding conflicts with this Court's holdings in numerous cases, the alternate finding satisfies this Court that petitioner has received a bond hearing. Based on the Immigration Judge's independent grounds for denying bond, Salinas-Rodas's Petition is moot because he has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge, who must determine whether he poses a danger to the community, and whether he is a flight risk. Because he has received this relief, Salinas-Rodas's only recourse is to file a timely appeal of the Immigration Judge's December 16, 2025, Order denying a bond. 8 C.F.R. § 1003.38. There is nothing further that this Court can do. See Mathews v. Diaz, 426 U.S. 67, 81 (1976). See also Santos Garcia v. Garland, 2022 WL 989019, at *7 (E.D. Va. Mar. 31, 2022).
>
> For all the reasons stated above, it is hereby ORDERED that Salinas-Rodas's Petition, [Dkt. No. 1], be and is DENIED.

(ECF No. 5-1 at 4–5 (footnote omitted).) Accordingly, Salinas-Rodas's § 2241 Petition (ECF No. 1) will be DISMISSED for the reasons stated by Judge Brinkema.

Additionally, the Court notes that Petitioner's § 2241 Petition also is subject to dismissal as an abuse of the writ. Long before the enactment of the Antiterrorism and Effective Death Penalty Act, the Supreme Court developed the doctrine of abuse of the writ, which limited the review of second or successive habeas applications. *See McCleskey v. Zant*, 499 U.S. 467, 479–88 (1991) (describing the evolution of the doctrine). Under the abuse of the writ doctrine, a federal habeas court "could decline to hear a claim that was both raised and adjudicated in an earlier petition." *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010) (citing *Sanders v. United States*, 373 U.S. 1, 11–12 (1963)). In the abuse of the writ context, a habeas petitioner's

2

claims "may be considered the same even when supported by different legal arguments." *Id.* (citing *Sanders*, 373 U.S. at 16). Nevertheless, "[e]ven if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground." *Sanders*, 373 U.S. at 16.[2] Neither Salinas Rodas nor the record indicate that the ends of justice would be serve by reviewing his claims.

The § 2241 Petition (ECF No. 1) will be DENIED. The action will be DISMISSED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

_____/s/_____
David J. Novak
United States District Judge

Alexandria, Virginia
Dated: May 4, 2026

---

[2]    Additionally, the Supreme Court barred new claims under the abuse of the writ doctrine when those new claims could have been raised in an earlier application but were not. *McCleskey*, 499 U.S. at 489.